UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kenneth Shuler, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:11-3323-TMC |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Michael J. Astrue, ) | |
| Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claims for Supplemental Security Income Benefits ("SSI") under the Social Security Act (the "Act"). This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ("Report"), filed on December 19, 2012. (Dkt. No. 24).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

## PROCEDURAL BACKGROUND

The Plaintiff filed an application for supplemental security income on October 1, 2007, with an alleged disability onset date of July 15, 2007. The applicant was denied

initially and on reconsideration by the Social Security Administration. An Administrative Law Judge ("ALJ") conducted a hearing on May 18, 2010, and the ALJ denied Plaintiff benefits. The ALJ'S finding became the final decision of the Commissioner of Social Security when the Appeals Council denied Plaintiff's request for review. The Plaintiff then filed an action for judicial review.

The matter was referred to a United States Magistrate Judge for a report and recommendation pursuant to Title 28, U.S.C., Section 636(b)(1)(B) and Local Rule 73.02 (B)(2)(a), D.S.C. The Magistrate Judge to whom this case was referred filed a Report on December 19, 2012, in which he recommended that the Commissioner's decision be reversed and remanded for further administrative proceedings and advised the parties of their rights to file specific objections. (Dkt. No. 24-1). The Commissioner filed objections on January 7, 2013. (Dkt. No. 26). The matter is now ripe for review.

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence has been defined . . . as "more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F. 2d 541, 543 (4th Circ. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Circ. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Circ. 1972). From this it does not follow, however, that the findings of the administrative agency are to be mechanically

accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Circ. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

An individual is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 416(i)(1). In his Report, the Magistrate Judge sets forth the relevant facts and legal standards which are incorporated herein by reference.

The Magistrate Judge recommended that the decision of the Administrative Law Judge be reversed and remanded under sentence four of 42 U.S.C. Section 405 (g) for an explanation as to a conflict between the vocational expert's testimony and *The Dictionary of Occupational Titles* ("DOT") with regard to manipulation and fingering required with the jobs cited by the vocational expert. (Report at 9). The Commissioner objects stating that Plaintiff has failed to demonstrate that he was harmed by the ALJ's failure to ask the vocational expert about the manipulative and fingering inconsistencies. (Obj. at 2-3).

Upon consideration of the Commissioner's objections, the court finds that the Magistrate Judge performed a thorough analysis of the record, including his evaluation of the medical evidence, in reaching the conclusion that the matter should be remanded to the Commissioner for the purpose of providing an explanation as to the conflict

between the vocational expert's testimony and the *DOT* with regard to manipulation and fingering required with the jobs cited by the vocational expert. Therefore, based upon the foregoing, the court overrules the Commissioner's objections to the Magistrate Judge's Report.

## CONCLUSION

After a thorough review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law applicable to this case. The court adopts the Report of the Magistrate Judge and incorporates it herein by this reference. The Commissioner's objections are overruled. For the reason set out hereinabove and in the Report, pursuant to sentence four of 42 U.S.C. Section 405 (g), the Commissioner's final decision is reversed and remanded for further proceedings not inconsistent with this order.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 5, 2013