IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| KENNETH SHULER, | ) | |
| | ) | C/A No. 4:11-03323-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social | ) | |
| Security[1], | ) | |
| | ) | |
| Defendant. | ) | |

On May 6, 2013, Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the basis that he was the prevailing party and the position taken by the Commissioner in this action was not substantially justified. ECF No. 31. Commissioner filed a response on May 23, 2013, objecting to the award of attorney's fees stating that the position taken by the government was substantially justified. ECF No. 32.

Under the EAJA, a court shall award attorney's fees to a prevailing party[2] in certain civil actions against the United States unless it finds that the government's position was

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed.R.Civ.P.25(d), Colvin should be substituted for Michael J. Astrue as the Defendant in this action.

[2] A party who wins a remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993). The remand in this case was made pursuant to sentence four.

substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. *Pierce v. Underwood,* 487 U.S. 552 (1988); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991).

The district court has broad discretion to set the attorney fee amount. "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount." *Hyatt v. North Carolina Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002) (*citing Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Moreover, the could should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

Applying this standard to the facts of this case, the court concludes that the position of the Commissioner was not substantially justified. Therefore, after a thorough review of the record in this case, the court determines that a proper showing has been made under EAJA and that the attorney's fees and costs sought should be approved by this court.

Plaintiff's attorney seeks an hourly rate in excess of $125 per hour to adjust for an increase in the cost of living allowance (COLA). Specifically, Plaintiff seeks an award of $182.50 per hour for 23.8 attorney hours ($4,343.50). ECF No. 31 at 6. The Commissioner has made no response to Plaintiff's calculation of the hourly rate and the court finds such calculation reasonable. Plaintiff also seeks $7.00 for copies ($0.25 per copy, 28 copies) and $16.00 for certified mailing fees and other postage. The Commissioner had no objection to the $7.00 of copying cost and made no response to the $16.00 for certified mailing fees.

The court finds such calculations reasonable.

Based on the foregoing and after considering the briefs and materials submitted by the parties, it is therefore ordered that Plaintiff is awarded $4,343.50 in attorney's fees and $23.00 for costs and expenses as requested by Plaintiff's counsel.[3]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

June 4, 2013
Anderson, South Carolina

---

[3] The court notes that the fees must be paid to Plaintiff. *See Astrue v. Ratliff*, 505 U.S. ___, No. 08-1322, slip op. at 1 (June 14, 2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue,* 565 F.3d 131, 139 (4th Cir. 2009) (same).